```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/04/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, et al.,

                Plaintiffs,

       -against-

CENTRAL INTELLIGENCE AGENCY, et al.,

                Defendants.

No. 05 Civ. 7939 (LTS)(FM)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jane Doe, Jane Roe (minor), Sue Doe (minor), and James Roe (minor) (collectively "Plaintiffs") bring this action against the Central Intelligence Agency ("CIA") and the United States of America (collectively, "the Government" or "Defendants"). Plaintiffs allege that Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., The Privacy Act, 5 U.S.C. § 552a et seq., the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, as well as Plaintiffs' rights under the First, Fifth, and Eight Amendments to the United States Constitution. Plaintiffs seek injunctive and declaratory relief as well as monetary damages. The Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1346. The Government, invoking the state secrets privilege, moves to dismiss the Complaint in its entirety. After carefully reviewing all the parties' submissions, the Court, for the following reasons, grants the Government's motion to dismiss the Complaint.

## BACKGROUND

On September 12, 2006, Plaintiffs filed a redacted Complaint in this District. The

factual assertions in the publicly-filed version of the Complaint have, for the most part, been redacted by the CIA as classified. According to the redacted Complaint, Plaintiff Jane Doe is the wife of a former employee of the CIA who remains in covert status. (Compl. ¶ 1.) The other three plaintiffs are the minor children of Jane Doe and her husband. (Id. ¶ 1, 15.) The Complaint alleges that Jane Doe's husband "was summarily separated from his CIA employment," for a reason that is redacted as classified, and "terminated immediately for unspecified reasons." (Id. ¶ 27.) Plaintiffs departed to Foreign Country A, where they currently reside (id. ¶ 29) because the CIA has "refused to provide any assistance, medical or otherwise." (Id. ¶ 32.)

The Complaint alleges that Plaintiffs are unable to leave Foreign Country A and that Plaintiff Jane Doe is a virtual prisoner in her home. (Id. ¶¶ 33, 35.) She is "constantly fearful of eventual detection," for a reason that is redacted as classified. (Id. ¶ 35.) Although Plaintiff Jane Doe allegedly receives medical treatment and psychological counseling, she claims that the CIA has "demanded that she not disclose the basis for her apprehension to her medical professionals, while simultaneously refusing to provide her alternative treatment." (Id.) Plaintiff Jane Doe alleges that she "suffers severe emotional distress producing physical symptoms from fear," and "lives in constant fear;" the reason for her alleged fear is redacted as classified. (Id. ¶ 36.) As noted above, Plaintiffs seek injunctive and declaratory relief, and monetary damages.

Defendants have asserted the state secrets privilege and contend that application of this privilege necessitates the dismissal of the action.

## DISCUSSION

"The state secrets privilege is a common law evidentiary rule that allows the

government to withhold information from discovery when disclosure would be inimical to national security." Zuckerbraun v. General Dynamics Corp., 935 F.2d 544, 546 (2d Cir. 1991). In order properly to invoke the privilege, the head of the department which has control over the matter must assert the privilege after the officer has personally considered the matter. Id. Once the privilege is properly invoked, a district's court review is quite narrow. See Kronisch v. United States, No. 83 Civ. 2458, 1994 WL 524992, at *10 (S.D.N.Y. Sept. 27, 1994). "A court before which the privilege is asserted must assess the validity of the claim of privilege, satisfying itself that there is a reasonable danger that the disclosure of the particular facts in ligation will jeopardize national security." Zuckerbraun, 935 F.2d at 546-7. In making this determination, a court may review the classified submissions ex parte and in camera to determine whether the privilege has been properly invoked. See Sterling v. Tenet, 416 F.3d 338, 347 (4th Cir. 2005). "[D]istrict courts frequently can satisfy themselves of the sufficiency of [the claim of privilege] through the explanation of the department head who is lodging it. Such explanations often come in the form of affidavits or declarations made personally by the department head." Id. at 344. Though the opposing party's showing of need for the information will determine how far the court probes in satisfying itself that the privilege is properly invoked, "even the most compelling necessity cannot overcome the claim of privilege if the court is ultimately satisfied that . . . secrets are at stake." United States v. Reynolds, 345 U.S. 1, 11 (1953).

In their response to the instant motions, Plaintiffs have not disputed the procedural sufficiency of the Government's submission invoking the privilege, proffered any arguments as to why the privilege should not apply, or countered the Government's assertion that the case cannot be litigated if the claim of privilege is upheld. Rather, Plaintiffs complain that the

Government has not facilitated their attorney-client communications concerning classified matters, and assert that they have a right to submit classified material to the Court in connection with the Government's claim of the state secrets privilege and that the privilege claim cannot be ripe for adjudication in the absence of such a submission. The former complaint is not a claim that has been asserted in the Complaint in this action; the latter is not an accurate statement of the law.

As the Supreme Court and the Second Circuit have made clear, a court faced with a claim of state secrets privilege must take care not to "'forc[e] a disclosure of the very thing the privilege is designed to protect.'" Zuckerbraun, 935 F.2d at 546, quoting Reynolds, 345 U.S. at 8. Thus, the Court is not required to review, even in camera, the underlying privileged material if it can otherwise satisfy itself that the privilege has properly been invoked and that "there is a reasonable danger that disclosure of particular facts in litigation will jeopardize national security." Zuckerbraun, 935 F.2d at 546-48; Reynolds, 345 U.S. at 11. See also Sterling, 416 F.3d at 344 ("[D]istrict courts frequently can satisfy themselves of the sufficiency of [the privilege] claim through the explanation of the department head who is lodging it."). "If the court is so satisfied, the claim of the privilege will be accepted without requiring further disclosure." Reynolds, 345 U.S. at 9. The disclosure and submission right asserted by Plaintiffs would stand on its head the principle that courts are to be protective of material as to which privilege is claimed. Accordingly, the issues raised in the Government's motion are ripe for evaluation on the basis of the parties' completed submissions.

Sufficiency of Claim of Privilege

The Court finds that the Government has properly invoked the state secrets privilege. The Government has submitted a declaration by Porter J. Goss, who was at the time the Director of the CIA, which is the agency that controls the information related to this matter. Director Goss has asserted a formal claim of the state secrets privilege based upon his personal consideration of the matter. Director Goss has submitted an unclassified declaration as well as a classified declaration that the Court has reviewed ex parte and in camera.

The method by which the privilege has been invoked meets the procedural requirements laid out by the Supreme Court in Reynolds. Director Goss' affidavits, and the unredacted Complaint, make it plain that all of Plaintiff's claims in this action involve relationships and procedures that implicate national security issues. Cf. Zuckerbraun, 935 F.3d at 547 ("As a reviewing court, we conclude that it is self-evident that disclosure of secret data and tactics concerning the weapons systems of the most technically advanced and heavily relied upon of our nation's warships may reasonably be viewed as inimical to national security."). Thus, the Court is satisfied that there is a reasonable danger that disclosure of the facts underlying Plaintiffs' claims would jeopardize national security.

Effect of Valid Claim of Privilege

Director Goss, in the publicly-filed version of his unclassified declaration, asserts that further litigation of this matter would "necessarily result in the disclosure of . . . classified information . . . [which] reasonably could be expected to cause serious damage to the national security [sic]." (Decl. of Sarah Normand in Supp. of Mot. to Dismiss, Ex. B, ¶ 6.) "In some

cases, the effect of an invocation of the privilege may be so drastic as to require dismissal . . . .[I]f proper assertion of the privilege precludes access to evidence necessary for the plaintiff to state a prima facie claim, dismissal is appropriate. Zuckerbraun, 935 F.2d at 547; Sterling, 416 F.3d at 347 (finding that dismissal is warranted where "the sum and substance of the case involves state secrets"). Where, as here, the Court has relied on matters outside of the pleadings in determining the privilege issue and the plaintiff cannot make a prima facie case as a result of the invocation of the privilege, dismissal is appropriate under Federal Rule of Civil Procedure 56. See Zuckerbraun, 935 F.2d at 547.

Having reviewed the classified version of the Goss declaration and the unredacted Complaint, the Court finds that Plaintiffs cannot make out a prima facie case, nor could the Government defend itself against their claims, without relying on privileged information and that any further ligation would threaten disclosure of these privileged matters. As was the case in Zuckerbraun, "[t]he very subject matter of this action is . . . a state secret." Id. at 547-48. Accordingly, Defendants' motion to dismiss the action is granted.

Plaintiffs' arguments that denial of an opportunity for them to present classified information currently in their possession to the Court, and that the Government's classification determinations and procedures have denied them meaningful access to the courts, were answered by the Supreme Court in Reynolds: "even the most compelling necessity cannot overcome the claim of privilege if the court is ultimately satisfied that . . . secrets are at stake." Reynolds, 345 U.S. at 11. Thus, although the claims that Plaintiffs have attempted to litigate are, as plead, very serious ones that appear to go to matters fundamental to the lives of the plaintiff family members, the Court is constrained to dismiss this case. See, e.g., Sterling, 416 F.3d at 348 (upholding

dismissal of employment discrimination claim based upon state secrets privilege, and noting that "in limited circumstances like these, the fundamental principle of access to court must bow to the fact that a nation without sound intelligence is a nation at risk"); Edmonds v. U.S. Dep't of Justice, 323 F. Supp. 2d 65, 81 (D.D.C. 2004) (dismissing FBI employee's First Amendment and other claims based upon state secrets privilege, although such dismissal denies "the forum provided under the Constitution for the resolution of disputes") (internal quotation marks and citation omitted).

## CONCLUSION

Defendants' privilege application and motion to dismiss are granted. The Clerk of Court is respectfully requested to enter judgment dismissing this case.

SO ORDERED.

Dated: New York, New York
January 4, 2007

LAURA TAYLOR SWAIN
United States District Judge